Jonathan O. Hafen (6096)
Bentley J. Tolk (6665)
PARR BROWN GEE & LOVELESS
185 S. State Street, Suite 800
Salt Lake City, Utah 84111
Telephone: (801) 532-7840
Facsimile: (801) 532-7750

Attorneys for Defendant Fiesta Palms LLC dba
Palms Casino Resort

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| IHC HEALTH SERVICES, INC., dba PRIMARY CHILDREN'S MEDICAL CENTER,<br><br>      Plaintiff,<br><br>vs.<br><br>FIESTA PALMS LLC dba PALMS CASINO RESORT,<br><br>      Defendant. | **MEMORANDUM IN SUPPORT OF FIESTA PALMS' MOTION TO DISMISS**<br><br>**(HEARING REQUESTED)**<br><br>Civil No. 2:10cv01156-PMW<br><br>Magistrate Judge Paul M. Warner |

Defendant Fiesta Palms LLC dba Palms Casino Resort ("Fiesta Palms"), by and through its counsel of record in this matter, submits the following Memorandum in Support of Fiesta Palms' Motion to Dismiss.

**INTRODUCTION**

Plaintiff IHC Health Services, Inc. ("IHC") has asserted only state law causes of action in an effort to obtain disputed benefit amounts under an employee benefit plan governed

exclusively by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et seq.* ("ERISA").  All of IHC's causes of action are preempted and substantively precluded by ERISA because they "relate to" the administration of an employee benefit plan.

First, IHC's claims necessarily relate to the employee benefit plan because Fiesta Palms made no independent representation that would create a legal obligation to pay separate from the terms of the plan.  Since there is no independent basis for its claims, IHC's claims must be determined according to the terms of the plan.  Second, IHC's claims relate to the employee benefit plan because the participant was covered at all relevant times by the plan and her claim was processed according to the terms of the plan.  In other words, the plan processed the claims at issue under and pursuant to the terms of an ERISA plan, and the parties now merely dispute the amount payable under that plan.  Finally, since ERISA dictates that Fiesta Palms is not a proper defendant in this action, the case must be dismissed.

## FACTS

The following facts are taken from IHC's Complaint (the "Complaint") and therefore can properly be considered by the Court in this motion to dismiss.  *See GFF Corp. v. Assoc. Wholesale Grocers*, 130 F.3d 1381, 1384 (10th Cir. 1997).  The "facts" are only presented for purposes of this motion, and Fiesta Palms does not admit any of those facts by including them here.

1.  IHC alleges that Fiesta Palms sponsored and funded an employee benefits plan (the "Plan") that covered Skai Lawson ("Skai") from February 2007 through February 2008 through her mother, Renale Lawson, the Plan participant.  [*See* Complaint at ¶ 2.]

2.       IHC also alleges that it provided Skai medical services at Primary Children's Medical Center ("PCMC"). [*Id*. at ¶ 3.]

3.       IHC further alleges that on February 27, 2007, personnel from PCMC called Fiesta Palms and were informed that Skai was covered under the Plan and that no authorization was required for her medical treatments. [*Id*. at ¶¶ 10, 25.]

4.       According to the Complaint, Fiesta Palms acknowledged that the services IHC provided to Skai were medically necessary. [*Id*. at ¶ 14.]

5.       IHC alleges that Skai was treated by IHC and used LifeFlight services, and that Fiesta Palms paid "$40,375.74, or 19.28% of the billed charges." [*Id*. at ¶¶ 11-12.]

6.       IHC also alleges that Fiesta Palms disputes IHC's remaining charges on the basis that Fiesta Palms is entitled to a discount, and the charges exceed the usual, customary and reasonable charges for the services IHC provided. [*Id*. at ¶¶ 16, 18.]

7.       In the Complaint, IHC alleges and recognizes that Skai was covered under the Plan. [*Id*. at ¶ 2 (stating "the employee benefits plan [] covered Skai"); *Id*. at ¶ 5 ("At the time of her treatment, Skai was eligible for coverage under the Plan"); *Id*. at ¶ 10 ("Skai, an infant, was currently under coverage").]

8.       The Complaint contains four state law causes of action: (1) alleged breach of contract; (2) alleged promissory estoppel; (3) alleged negligent misrepresentation; and (4) alleged quantum meruit. [*See id.*] The Complaint does not contain any other causes of action, and it does not contain any causes of action under ERISA. [*See id.*]

**ARGUMENT**

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss is appropriate when the complaint does not contain enough allegations of fact "to state a claim that is plausible on its face." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008). The court's "function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Board for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). Thus, Rule 12(b)(6) serves to weed out claims that do not have a reasonable prospect of success. *See Robbins*, 519 F.3d at 1247-48.

IHC's claims should be dismissed because they are preempted by ERISA, and Fiesta Palms is not a proper party in this action.

## I. ERISA PREEMPTS ALL OF IHC'S CLAIMS.

IHC's state law claims must be dismissed because this case is governed exclusively by ERISA. Indeed, ERISA's sweeping preemption clause provides that ERISA "shall supersede any and all State laws insofar as they may now or hereafter <u>relate to</u> any employee benefit plan . . . ." 29 U.S.C. § 1144(a) (emphasis added). The Supreme Court and the Tenth Circuit have both observed that this pre-emption language is "conspicuous for its breadth" and "deliberately expansive." *See FMC Corp. v. Holliday*, 498 U.S. 52, 58 (1990); *Kidneigh v. UNUM Life Ins. Co. of Am.*, 345 F.3d 1182, 1184 (10th Cir. 2003). Indeed, ERISA contains "one of the broadest preemption clauses ever enacted by Congress." *PM Group Life Ins. v. Western Growers Assur. Trust*, 953 F.2d 543, 545 (9th Cir. 1992). By enacting such a broad preemption provision,

Congress intended ERISA's civil enforcement provisions to be the exclusive remedy for claims asserted under employee benefit plans.  *See Pilot Life Ins. v. Dedeaux*, 481 U.S. 41, 42 (1987).

For at least two reasons, IHC's claims for employee benefits do not escape ERISA's broad preemption clause.  First, IHC's state law claims are not supported by a representation that would create a legal obligation to pay independent of the Plan.  Second, the Complaint alleges that Skai was a covered beneficiary at the time of the treatment at issue, and IHC's claims arise under the terms of the Plan and the processing of a covered claim under the Plan.

      **a.  IHC's Claims Are Preempted Because No Independent Basis Exists for its State Law Claims.**

ERISA preempts IHC's state law claims because there is no independent representation that purportedly creates a legal obligation to pay outside of the Plan.  In order to avoid ERISA's expansive preemption clause, a state law cause of action must be based on an independent representation separate from the obligations of the plan.  *See Hospice of Metro Denver, Inc. v. Group Health Ins. of Oklahoma*, 944 F.2d 752, 754 (10th Cir. 1991); *see also Angel Jet Servs., LLC v. Giant Eagle, Inc.*, No. CV 09-01489-PHX-MHM, 2010 WL 3924013, *1-3 (D. Ariz. Sept. 30, 2010) (unpublished) (holding ERISA preempted state law claims where medical service provider did not allege any independent representation separate from the plan).  The representation must have the effect of establishing an independent obligation, separate from the terms of the plan.  *See Hospice*, 944 F.2d at 753-75.

In *Hospice*, the health care provider sued the plan for its failure to pay hospital expenses when the insurance company denied coverage after orally representing that the patient was covered under the ERISA plan and that "payment would be forwarded."  *Id*. at 753-54.  The court found that the plan's misrepresentation concerning eligibility and payment created a

separate legal duty independent of the health plan.  *Id*.  Thus, the misrepresentation was an independent basis for a cause of action, as it did not affect the structure, the administration, or the type of benefits provided expressly by the ERISA plan.  *Id*. at 754.

By contrast, IHC's state law claims are not based on any independent representation and instead are specifically based upon the terms and conditions of Plan.  In this case, there is no dispute that Skai was covered under the Plan and no allegation that Fiesta Palms orally represented it would pay independent from the express terms of the Plan.  Instead, the allegations in the Complaint only state that Fiesta Palms told IHC that Skai was covered, that no authorization was required for Skai's treatment, and that the services were medically necessary.  Those alleged statements do not constitute misrepresentations because there is no allegation that Fiesta Palms and the Plan have taken the position that Skai was not covered under the Plan.  Rather, the allegations in the Complaint show that Fiesta Palms processed the claim according to the terms of the Plan.  In fact, Fiesta Palms has already paid IHC $40,375.74, per the terms of the Plan.

Since this case does not involve a misrepresentation, or any representation independent of the Plan, the case simply addresses the proper amount of benefits due and owing under the terms of the Plan.  IHC's state law claims all relate to its claimed right to payment under the terms of the Plan, and IHC's claims for damages are thus specifically related to the processing of a covered claim. When the factual basis for a plaintiff's state law claim "directly concerns the alleged improper administration of the benefit plan," the claims "relate" to the plan and are preempted by ERISA.  *Settles v. Golden Rule Ins. Co.*, 927 F.2d 505, 509 (10th Cir. 1991); *see*

*also Pilot Life*, 481 U.S. at 48 (holding that ERISA preempts state common law tort and contract actions for improper processing of claims under ERISA-regulated employee benefit plans).

Here, IHC is stepping into the shoes of the beneficiary or the participant and seeking to enforce the benefits claimed to be due under the Plan. IHC and Fiesta Palms simply dispute the amount that should be paid pursuant to the Plan. The dispute between IHC and Fiesta Palms over the appropriate payment amount for services provided to a Plan beneficiary is a dispute that goes to the fundamental purpose and terms of the Plan. Thus, IHC's claims directly relate to the Plan and are preempted by ERISA.

As there is no independent representation that would create a legal obligation separate from the Plan, IHC's state law claims necessarily "relate to" the Plan and are preempted by ERISA.

> **b. IHC's Claims Are Preempted Because They Relate to the Processing of a Covered Claim under the Plan.**

IHC's claims are also preempted because they arise under an ERISA plan and the processing of a covered claim. Even where there is an independent basis for a state law claim, such an action may be preempted when it nonetheless relates to the processing of a covered claim. *See Hospice*, 944 F.2d at 754-55; *Via Christi Regional Medical Center, Inc. v. Blue Cross and Blue Shield of Kansas*, 361 F. Supp. 2d 1280, 1293-94 (D. Kan. 2005). In evaluating ERISA preemption for claims that "relate to" a plan, the *Hospice* court emphasized that a party's eligibility status is pivotal. *See* 944 F.2d at 754-55. The court stated:

> If a patient is not covered under an insurance policy, despite the insurance company's assurances to the contrary, a provider's subsequent civil recovery against the insurer in no way expands the rights of the patient to receive benefits under the terms if [sic] the health care plan... *A provider's state law action under*

360660v1                                7

> *these circumstances would not arise due to the patient's coverage under an ERISA plan, but precisely because there is no ERISA plan coverage.*

*Id.* (emphasis in original).  By emphasizing the passage, the court showed that "a party's eligibility status [in the plan] is pivotal when finding no preemption."  *See Via Christi*, 361 F. Supp. 2d at 1293; *see also California Pacific Medical Center v. Concentra Preferred Sys., Inc.*, No. C 04-3083 SBA, 2004 WL 2331876, *4 (N.D. Cal. Oct. 15, 2004) (unpublished).

Relying on the analysis in *Hospice*, the *Via Christi* court examined a party's eligibility for plan participation.  361 F. Supp. 2d at 1293-94.  The court found that both parties agreed that the participant was an eligible beneficiary under the plan and that the insurer had already paid part of the claim under the plan.  *Id*.  As a result, the court determined that the medical provider's action to recover the remaining benefits would necessarily "relate to" the plan and the processing of a covered claim.  *Id*. (citing *West Pines Psychiatric Hosp. v. Samsonite Benefit Plan and Northwestern Nat'l Life Ins*., 848 F. Supp. 907, 910 (D. Colo. 1994)).  Thus, the court found that ERISA preempted the state law claim.  *Id*. at 1294.

Like *Via Christi*, there is no dispute here that Skai was covered and that her claim was processed under the Plan.  Because Skai was an eligible beneficiary, and always remained so, her benefits were determined according to the Plan.  Thus, unlike in *Hospice*, the determination of this action falls squarely under the terms of an ERISA plan and directly impacts the processing of a covered claim.  In essence, IHC is stepping into the shoes of the participant and attempting to collect benefits due under the Plan.  As detailed above, this type of action is expressly preempted by ERISA.

While IHC is ostensibly suing under state law claims, the Plan's obligation to pay IHC for medical services necessarily implicates Plan administration.  The dispute between IHC and

360660v1                                             8

Fiesta Palms over the appropriate payment amount for services provided to eligible Plan beneficiaries is a dispute that goes to the fundamental purposes of the Plan. Therefore, the claims directly relate to the Plan and must be dismissed because they are preempted by ERISA.

## II. DISMISSAL IS NECESSARY BECAUSE FIESTA PALMS IS NOT A PROPER PARTY UNDER ERISA.

IHC's claims should also be dismissed because Fiesta Palms is an improper party to this case. As detailed above, IHC has not pled any independent basis for its claims against Fiesta Palms and instead seeks to assert rights pursuant to the terms of the Plan. Where, as here, a plaintiff seeks to recover benefits under the terms of an employee benefit plan, ERISA permits suits "<u>only</u> against the Plan as an entity." *Gelardi v. Pertec Computer Corp.*, 761 F.2d 1323, 1324 (9th Cir. 1985) (emphasis added). Thus, courts have consistently held that the sole remedy in a case seeking damages under the terms of an employee benefit plan is an action brought against the employee benefit plan itself, and not against the employer or plan sponsor. *See Madden v. ITT Long Term Disability Plan*, 914 F.2d 1279, 1287 (9th Cir. 1990) (holding that "ERISA permits suits to recover benefits only against the Plan as an entity"); *Peters v. Hartford Life & Acc. Ins. Co.*, Nos. 08-16070, 09-12867, 367 Fed. Appx. 69, 70-71, 2010 WL 638451 (11th Cir. Feb. 24, 2010) (unpublished) (holding the proper party defendant in a suit concerning ERISA benefits is the party that controls the administration of the plan); *Evans v. Employee Benefit Plan, Camp Dresser & McKee, Inc.*, No. 07-3552, 311 Fed. Appx. 556, 558, 2009 WL 418628 (3d Cir. Feb. 20, 2009) (unpublished) (holding "[i]n a claim for wrongful denial of benefits under ERISA, the proper defendant is the plan itself or a person who controls the administration of benefits under the plan"); *accord Lee v. Burkhart*, 991 F.2d 1004, 1009 (2d Cir. 1993); *Miller v. Pension Plan for Emp. of Coastal Corp.*, 780 F. Supp. 768, 773 (D. Kan. 1991).

It is settled that an "ERISA plan is the only proper defendant when a claim is made for benefits." *Roeder v. Chemrex Inc.*, 863 F. Supp. 817, 828 (E.D. Wis. 1994) (emphasis added). An employer is not a proper defendant to such a claim, because it is "clear under the law that the employer is not a 'party' to a plan for purposes of suit, and that only the plan as an entity may be sued for benefits due under a plan." *Chilcote v. Blue Cross & Blue Shield*, 841 F. Supp. 877, 881 (E.D. Wis. 1993); *see also Sahlie v. Nolen*, 984 F. Supp. 1389, 1394 (M.D. Ala. 1997) (dismissing the employer as an improper defendant and holding that "the employer who has set up the Plan, may not be held liable for any benefits owed the plaintiffs under the Plan"); *Pecor v. Northwestern Nat'l Ins. Co.*, 869 F. Supp. 651, 653 (E.D. Wis. 1994) (dismissing the employer as an improper defendant in a lawsuit seeking medical benefits).

As a matter of law, IHC may not bring this action against Fiesta Palms, which is the employer or plan sponsor. There is no independent promise or contract between Fiesta Palms and IHC to support IHC's state law claims, and IHC merely disputes the amount of benefits it was paid under the Plan. Therefore, the sole remedy is an action for benefits against the Plan itself. This lawsuit and all of IHC's claims against Fiesta Palms must therefore be dismissed.

## CONCLUSION

For the foregoing reasons, Fiesta Palms respectfully requests that the court grants its Motion to Dismiss and dismiss all of IHC's claims in this action.

## REQUEST FOR HEARING

Pursuant to Rule 7-1 of the Rules of Practice for the U.S. District Court for the District of Utah, Fiesta Palms hereby requests oral argument or a hearing on this Motion. There is good

cause for conducting a hearing because the Motion is dispositive of all claims as to Fiesta Palms, and the Motion raises significant legal issues under ERISA.

Respectfully dated this 14th day of December, 2010.

        PARR BROWN GEE & LOVELESS

        By:   /s/ Bentley J. Tolk
                Bentley J. Tolk, Esq.
                Attorneys for Defendant Fiesta Palms LLC dba
                Palms Casino Resort

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of December, 2010, a true and correct copy of the foregoing **MEMORANDUM IN SUPPORT OF FIESTA PALMS' MOTION TO DISMISS** was served via electronic service on the following:

>Marcie E. Schaap
>Attorney at Law, P.C.
>1523 E. Spring Lane
>Salt Lake City, Utah 84117

/s/  Bentley J. Tolk