IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| IHC HEALTH SERVICES, INC., dba PRIMARY CHILDREN'S MEDICAL CENTER,<br><br>        Plaintiff,<br><br>v.<br><br>FIESTA PALMS LLC dba PALMS CASINO RESORT,<br><br>        Defendant. | MEMORANDUM DECISION AND ORDER<br><br><br>Case No. 2:10-cv-1156-PMW<br><br><br><br>Magistrate Judge Paul M. Warner |

Both parties in this case have consented to having United States Magistrate Judge Paul M. Warner conduct all proceedings in the case, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit.[1]  *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73.  Before the court is Fiesta Palms LLC dba Palms Casino Resort's ("Defendant") motion to dismiss.[2]  The parties came before the court for oral argument on the motion on March 11, 2011.[3]  Bentley J. Tolk appeared on behalf of Defendant, and Marcie E. Schaap appeared on behalf of IHC Health Services, Inc. dba Primary Children's Medical Center ("Plaintiff").  The court has carefully considered the written memoranda submitted by the parties, as well as the oral

---

[1] *See* docket no. 8.

[2] *See* docket no. 10.

[3] *See* docket no. 15.

arguments presented by counsel at the hearing.  Now being fully advised, the court is prepared to rule on the motion.

## BACKGROUND

Defendant sponsored and funded an employee benefits plan ("Plan") that covered Skai Lawson ("Skai") from February 2007 through February 2008 through her mother, Renale Lawson, the Plan participant.  Plaintiff provided Skai with medical services at Primary Children's Medical Center.

On or about February 27, 2007, Plaintiff's representatives contacted Defendant and were informed that Skai was covered under the Plan and that no authorization was required for her medical treatments.  According to the complaint, Defendant acknowledged that the services Plaintiff provided to Skai were medically necessary.

Skai was treated by Plaintiff and used LifeFlight services.  Plaintiff alleges that Defendant paid only $40,375.74, or 19.28% of the billed charges.  Plaintiff also alleges that Defendant disputes Plaintiff's remaining charges on the bases that Defendant is entitled to a discount and that the charges exceed the usual, customary, and reasonable charges for the services Plaintiff provided.

In the complaint, Plaintiff alleges and recognizes that Skai was covered under the Plan.  The complaint contains four state law causes of action: (1) breach of contract; (2) promissory estoppel; (3) negligent misrepresentation; and (4) quantum meruit.  The complaint does not contain any other causes of action, and it does not contain any causes of action under the Employee Retirement Income Security Act ("ERISA").

Plaintiff's complaint was originally filed in state court, then removed to this court in November 2010.[4]  In response to the complaint, Defendant filed its motion to dismiss.[5]

## LEGAL STANDARD

Defendant's motion seeks dismissal of Plaintiff's complaint under rule 12(b)(6) of the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 12(b)(6).  In considering a motion to dismiss under rule 12(b)(6), the court "accept[s] all well-pleaded facts as true and view[s] them in the light most favorable to the plaintiff."  *Jordan-Arapahoe, LLP v. Bd. of County Comm'r*, 633 F.3d 1022, 1025 (10th Cir. 2011).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007)).

## ANALYSIS

Defendant argues that Plaintiff's complaint should be dismissed because all of Plaintiff's claims are preempted by ERISA and because Defendant is not a proper party to this case.  In response, Plaintiff requests an award of the attorney fees and costs expended in responding to Defendant's motion.  The court will address those arguments in turn.

---

[4]  *See* docket no. 1.

[5]  *See* docket no. 10.

## I. ERISA Preemption

ERISA contains an expansive preemption clause, which provides that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" governed by ERISA. 29 U.S.C. § 1144(a). "The Supreme Court has interpreted the phrase 'relate[d] to any employer benefit plan' in its broad sense, including any law that has a 'connection with or reference to such a plan.'" *Hospice of Metro Denver, Inc. v. Group Health Ins. of Okla., Inc.*, 944 F.2d 752, 754 (10th Cir. 1991) (quoting *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96-97 (1983)). "The Court also has held that ERISA preempts state common law tort and contract actions for improper processing of claims under ERISA regulated employee benefit plans." *Id*. (citing *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 48 (1987)). "After considering congressional intent, the Court determined that ERISA's preemption provision was broad enough to become the 'sole power to regulate the field of employee benefit plans.'" *Id*. (quoting *Dedeaux*, 481 U.S. at 46) (other quotations and citations omitted).

Defendant argues that Plaintiff's state law claims are preempted by ERISA because: (A) they are not supported by a representation that would create a legal obligation to pay independent of the Plan and (B) they relate to the processing of a covered claim under the Plan.

### A. Independent Representation

Defendant asserts that ERISA preempts Plaintiff's state law claims because there is no independent representation that creates a legal obligation to pay outside of the Plan. In order to avoid ERISA's extremely broad preemption clause, a state law cause of action must be based on an independent representation separate from the obligations of the plan. *See Hospice*, 944 F.2d

4

at 754-56; *see also Angel Jet Servs., LLC v. Giant Eagle, Inc.*, No. CV 09-01489-PHX-MHM, 2010 U.S. Dist. LEXIS 110225, *1-8 (D. Ariz. Sept. 30, 2010) (unpublished).

In *Hospice*, the health care provider sued the plan for its failure to pay hospital expenses when the insurance company denied all coverage after previously assuring the health care provider that the care was covered under the ERISA plan and that "payment would be forwarded." *Hospice*, 944 F.2d at 753-54. The court determined that the plan's misrepresentation concerning eligibility and payment created a separate legal duty independent of the health plan. *See id*. at 754-56. The misrepresentation was an independent basis for a cause of action, as it did not affect the structure, the administration, or the type of benefits provided expressly by the ERISA plan. *See id*.

In this case, by contrast, Plaintiff's state law claims are not based on any independent representation. Instead, they are specifically based upon the terms and conditions of Plan. There is no dispute that Skai was covered under the Plan, and Plaintiff has not alleged that Defendant represented it would pay independent from the express terms of the Plan. The allegations in the complaint state only that Defendant represented to Plaintiff that Skai was covered under the Plan, that no authorization was required for Skai's treatment, and that the services were medically necessary. The court concludes that those statements do not constitute misrepresentations like those made in *Hospice*.

This case does not involve a misrepresentation, or any representation independent of the Plan, it involves only the proper amount of benefits due and owing under the terms of the Plan. Plaintiff's state law claims all relate to its claimed right to payment under the terms of the Plan.

In essence, Plaintiff is attempting to step into the shoes of the beneficiary or the participant of the Plan and seeking to enforce the benefits claimed to be due under the Plan. Plaintiff and Defendant simply dispute the amount that should be paid pursuant to the terms of the Plan. That dispute goes to the fundamental purpose and terms of the Plan. When the factual basis for a plaintiff's state law claim "directly concerns the alleged improper administration of the benefit plan," the claims "relate to the employee benefit plan" and are preempted by ERISA. *Settles v. Golden Rule Ins. Co.*, 927 F.2d 505, 509 (10th Cir. 1991); *see also Angel Jet Servs., LLC*, 2010 U.S. Dist. LEXIS 110225 at *5 ("[C]laimants simply cannot obtain relief by dressing up an ERISA benefits claim in the garb of a state law tort." (quotations and citation omitted)).

In this case, there is no independent representation that would create a legal obligation separate from the Plan, and Plaintiff's claims relate directly to the Plan. Therefore, the court concludes that all of Plaintiff's claims are preempted by ERISA.

### B. Processing of a Covered Claim

Defendant argues that Plaintiff's claims are also preempted because they arise under an ERISA plan and the processing of a covered claim. In evaluating ERISA preemption for claims that "relate to" a plan, the *Hospice* court emphasized that a party's eligibility status is pivotal. *See* 944 F.2d at 754-55; *see also Via Christi Reg'l Med. Ctr., Inc. v. Blue Cross & Blue Shield of Kan., Inc.*, 361 F. Supp. 2d 1280, 1293 (D. Kan. 2005). The *Hospice* court stated:

> If a patient is not covered under an insurance policy, despite the insurance company's assurances to the contrary, a provider's subsequent civil recovery against the insurer in no way expands the rights of the patient to receive benefits under the terms if the health care plan. . . . *A provider's state law action under these*

>
> *circumstances would not arise due to the patient's coverage under an ERISA plan, but precisely because there is no ERISA plan coverage*.

*Hospice*, 944 F.2d at 754-55 (alteration in original).  By emphasizing that passage, the *Hospice* court showed that "a party's eligibility status is pivotal when finding no preemption."  *Via Christi*, 361 F. Supp. 2d at 1293.

In *Via Christi*, the court determined that, unlike the situation in *Hospice*, both parties agreed that the participant was an eligible beneficiary under the plan and that the insurer had already paid part of the claim under the plan.  *See id*.  The court indicated that was an "essential factual difference" between *Via Christi* and *Hospice*.  *Id*.  Because the participant in *Via Christi* was an eligible beneficiary, his benefits were determined according to the plan.  *See id*. at 1293-94.  Accordingly, the court concluded that the medical provider's action to recover promised benefits necessarily related to the Plan and the processing of a covered claim and, therefore, was preempted by ERISA.  *See id*.; *see also Dedeaux*, 481 U.S. at 48 (holding that ERISA preempts state common law tort and contract actions for improper processing of claims under ERISA-regulated employee benefit plans).

As in *Via Christi*, there is no dispute in this case that Skai was covered under the Plan and that her claim was processed under the Plan.  Because Skai was an eligible beneficiary, her benefits were determined according to the Plan.  Thus, unlike in *Hospice*, Plaintiff's claims in this case fall squarely under the terms of an ERISA plan and directly relate to the processing of a covered claim.  Therefore, Plaintiff's state law claims are preempted by ERISA.

## II. Defendant Not a Proper Party

In its final argument, Defendant asserts that dismissal of Plaintiff's complaint is necessary because Defendant is not a proper party. In light of the court's conclusion that all of Plaintiff's claims are preempted by ERISA, the court has determined that it is unnecessary to reach this argument.

As an aside, it is not lost on the court that Plaintiff did not include the Plan participant as a defendant in this case. In the court's view, if Plaintiff had wanted to recover the billed charges, it would seem logical to include as a defendant the party who received the benefit of the medical services.

## III. Plaintiff's Request for Attorney Fees and Costs

Plaintiff asserts that Defendant's motion is unsupported by case law and is without merit. Accordingly, Plaintiff requests that it be awarded the attorney fees and costs expended in responding to Defendant's motion. Given that the court has granted Defendant's motion, it logically follows that Plaintiff's request for attorney fees and costs is denied.

## CONCLUSION

Based on the foregoing, the court concludes that all of Plaintiff's claims are preempted by ERISA. Consequently, Defendant's motion to dismiss[6] is **GRANTED**, and Plaintiff's request

---

[6] *See* docket no. 10.

for attorney fees and costs is **DENIED**.  The Clerk of the Court is directed to enter judgment in Defendant's favor and dismiss this case.  Each party shall bear its own fees and costs.

**IT IS SO ORDERED**.

DATED this 24th day of May, 2011.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge